UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Ernest Wilkeson,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Allied Universal Security Services,<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-01977-GMN-DJA<br><br>**Order** |

　　　　Pro se Plaintiff John Ernest Wilkeson filed an application to proceed *in forma pauperis*. (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice. The Court also denies Plaintiff's pending motions because he provides no authority for the relief he seeks. (ECF Nos. 4 and 5). Finally, the Court will require Plaintiff to update his address.

**I.　　Discussion.**

　　　　***A.　　Plaintiff's application to proceed* in forma pauperis.**[1]

　　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide

---

[1] Proceeding "*in forma pauperis*" is another way to refer to proceeding without paying the filing fee.

himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff's application is missing certain information. Plaintiff did not sign the affidavit in support of the application on page 1. Plaintiff also provides that his only bills are food, clothing, and laundry. However, on the docket, Plaintiff includes an address. The Court takes judicial notice of the fact that public records reveal that the address is a house. Plaintiff does not provide any details in the application about whether he pays rent or a mortgage and if or how he pays utilities or other bills. Additionally, Plaintiff has left many of the questions blank. The Court thus finds that Plaintiff has omitted information from the application. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

### B.     *Plaintiff's pending motions.*

Plaintiff has filed a motion for "judicial rel[ie]f in the form of access to a printer/fax/scanner including but limited to [sic] paper and ink."  (ECF No. 4).  He has also moved "for judicial rel[ie]f in the form of the federal witness protection program due to the fact that [he] ha[s] received [multiple] threats of violence and death by many employees of [A]llied [U]niversal [S]ecurity [S]ervices…"  (ECF No. 5).  However, the Court is not aware of any authority for the proposition that the Court can provide a litigant access to office supplies or that Plaintiff has any constitutional right to be placed in a witness protection program based on speculative harm.  And Plaintiff does not cite to any law in support of his requests.  The Court thus denies his motions.

### C.     *Plaintiff must update his address.*

The Court recently received mail to Plaintiff returned as undeliverable.  (ECF No. 6).  The Court will thus require Plaintiff to update his address as required by Local Rule IA 3-1.  That rule provides, in part, that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number…Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **January 26, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[2]

**IT IS FURTHER ORDERED** that Plaintiff's motions (ECF Nos. 4 and 5) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff must update his address on or before **January 26, 2024.** Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

DATED: December 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.